UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NICLE WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-01495-JPH-TAB |
| | ) |
| STATE OF INDIANA, | ) |
| INDIANA DEPARTMENT OF | ) |
| CORRECTIONS, | |
| PUCKETT, | ) |
| WEXFORD OF INDIANA, LLC, a | ) |
| DIVISION OF WEXFORD HEALTH | ) |
| SOURCES, INC., | |
| | ) |
| Defendants. | ) |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS**

Plaintiff Nicole Williams was contracted by Wexford of Indiana to work for the Indiana Department of Correction (the "IDOC")[1]. Her work at the IDOC was effectively terminated when the IDOC barred Ms. Williams from its premises. In response, Ms. Williams brought an array of statutory and constitutional claims against Wexford, the IDOC, and Officer Shelby Puckett. Wexford was dismissed from the case, dkt. 59, while the IDOC and Officer Puckett have filed a motion to dismiss the claims, dkt. 34. For the reasons that follow, the Court **GRANTS in part and DENIES** in part the motion to dismiss. Dkt. [34].

---

[1] The IDOC is, effectively, the "State of Indiana" for purposes of the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see* dkt. 29 at 1 (Compl. ¶ 2) ("State of Indiana/[IDOC] is an employer...").

1

# I.
# Facts and Background

In ruling on a motion brought under Rule 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

Ms. Williams is a white female who suffers from anxiety, depression, and PTSD stemming from prior sexual abuse. Dkt. 29 (Compl. ¶ 11). Ms. Williams was contracted by Wexford to work for the IDOC at its Plainfield Correctional Facility where a male coworker sexually harassed her during training. *Id.* (¶ 12). She filed a complaint regarding her coworker's harassment, but the IDOC failed to address her concerns. *Id.* (¶ 13). An African American employee later filed a sexual harassment complaint against the same coworker and the coworker was terminated. *Id.* (¶ 15). The African American employee was not gate locked or terminated. *Id.* (¶ 20).

Subsequently, Ms. Williams made at least two complaints of sexual harassment against several inmates; the IDOC, again, failed to address her concerns. *Id.* (¶ 17).

At one point, Ms. Williams was asked to corroborate a report filed by a corrections officer against an inmate, but she refused because the incident did not happen. *Id.* (¶ 14).

Later, Ms. Williams was being sexually harassed by an inmate in the infirmary and a correctional officer refused to get involved. *Id.* (¶ 18). On September 25, 2017, the IDOC's Internal Affairs Department notified her that it

would investigate the sexual harassment incident and placed her on unpaid suspension. *Id.* (¶ 19). About one week later, Officer Puckett, an officer within the Internal Affairs Department, entered a gate lock[2] order against her, which ended her employment. *Id.* (¶ 20).

Believing that she had been discriminated against, Ms. Williams obtained two right-to-sue letters from the Equal Employment Opportunity Commission in February and October 2018. *Id.* (¶¶ 7, 8). Ms. Williams brought this suit after receiving the first letter, dkt. 1, and filed an amended complaint shortly after receiving the second letter, dkt. 29.

In scatter-shot fashion[3], the amended complaint brings a multitude of claims against the IDOC and Officer Puckett alleging discrimination on the basis of race (Count I), color (Count II), and sex (Count III) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; discrimination on the basis of disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* (Count IV); retaliation for filing sexual

---

[2] A gate lock is an order for security guards to block a person from accessing a facility. *See Ripberger v. Corizon Inc.*, No. 1:15-cv-00674-TAB-JMS, 2017 U.S. Dist. LEXIS 44114, at *14 (S.D. Ind. Mar. 27, 2017).

[3] The complaint indiscriminately brought all counts against all defendants, including claims that had no chance of success, *e.g.*, Title VII claims against Officer Puckett where individual liability does not exist under that statute. A complaint that presents a "vague, confusing, and conclusory articulation of the factual and legal basis for the claim[s] and take[s] a general kitchen sink approach to pleading the case frustrate[s] Rule 8's objective: framing the issues and providing the basis for informed pretrial proceedings." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013) (citations and internal quotations omitted). Pleadings should be straightforward, "so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

harassment complaints (Count V); and discrimination on the basis of race in violation of 42 U.S.C. § 1981 (Count VI). *Id.* The amended complaint also brings a separate claim against Officer Puckett alleging violations of Ms. Williams' rights under the Equal Protection Clause of the United States Constitution, 42 U.S.C. § 1983 (Count VII). *Id.*

The IDOC and Officer Puckett have filed a motion to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. 34. In responding to the motion to dismiss, Ms. Williams voluntarily dismisses all claims under the ADA (Count IV), and Section 1981 (Count VI), as well as the Title VII claims against Officer Puckett set forth in Counts I, II, III, and V. Dkt. 39 at 5-6. Therefore, Counts IV and VI against the IDOC and Counts I, II, III, IV, V, and VI against Officer Puckett are **dismissed**.

## II.
## Applicable Law

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. Pro. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

4

When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley*, 671 F.3d at 616.

### III.
### Analysis

Defendants identify the following bases in support of their motion to dismiss: (1) the discrimination claims against the IDOC should be dismissed because Ms. Williams was an independent contractor, not an employee; (2) the retaliation claim against the IDOC should be dismissed because Ms. Williams was an independent contractor and sovereign immunity bars liability; and (3) the Section 1983 claim against Officer Puckett should be dismissed because it fails to allege intentional discrimination. Dkt. 34.

**A. Claims Against All Defendants Under Title VII Alleging Discrimination on the Basis of Race, Color and Sex (Counts I, II, and III)**

Counts I, II, and III allege race, color, and sex discrimination against all Defendants. Because Ms. Williams concedes that Counts I, II and III against Officer Puckett fail because there is no individual liability under Title VII, the Court need only rule on the sufficiency of the counts with respect to the IDOC.

The IDOC asserts Ms. Williams cannot bring any claim against it under Title VII because she was an independent contractor rather than an IDOC employee, dkt. 34, and "[i]ndependent contractors are not protected by Title VII." *Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377, 380 (7th Cir. 1991). In determining whether a plaintiff is an employee or independent

5

contractor for purposes of Title VII, the most important consideration is whether the putative employer exercised sufficient control over the plaintiff. *Id.* at 378; *Harris v. Allen Cty. Bd. of Comm'rs*, 890 F.3d 680, 683 (7th Cir. 2018); *Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 702 (7th Cir. 2015). "[A]n entity other than the actual employer may be considered a joint employer only if it exerted significant control over the employee." W*hitaker v. Milwaukee Cty.*, 772 F.3d 802, 810 (7th Cir. 2014) (internal quotations omitted).

An employer-employee relationship is likely to exist "[i]f an employer has the right to control and direct the work of the individual." *Love*, 779 F.3d at 703 (alteration in original) (quoting *Alexander v. Rush North Shore Medical Ctr.*, 101 F.3d 487, 493 (7th Cir. 1996)). "Generally, the key control powers are 'those of hiring and firing.'" *Harris*, 890 F.3d at 683–84 (7th Cir. 2018) (quoting *Love*, 779 F.3d at 703).

Ms. Williams does not allege that the IDOC exercised any key control powers over her like hiring her, paying her salary, scheduling her work, or supervising her work. *See Love,* 779 F.3d at 702. Rather, Ms. Williams concedes that she was "contracted" out to work for the IDOC, dkt. 29 (Compl. ¶ 12). Her additional allegations—that the IDOC investigated her complaint and entered a gate lock order against her—are insufficient to support a claim that Ms. Williams was an employee of the IDOC.

The amended complaint must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Factual allegations must be enough to raise a right to relief above

6

the speculative level. *Id.* The amended complaint fails to allege sufficient facts that, if true, could state a claim against IDOC under Title VII.

Accordingly, Counts I, II, and III are **dismissed** against the IDOC.

**B. Claim Against All Defendants Under the ADA Alleging Discrimination on the Basis of Disability (Count IV)**

Count IV alleges disability discrimination against all Defendants. Ms. Williams voluntarily dismisses her ADA claim against the IDOC and Officer Puckett so Count IV is **dismissed**.

**C. Claim Against All Defendants Under Title VII Alleging Retaliation (Count V)**

Count V alleges retaliation for filing sexual harassment complaints against all Defendants. Ms. Williams agrees to dismiss Count V against Officer Puckett so the Court need only rule on the sufficiency of this allegation with respect to the IDOC.

As discussed above, Ms. Williams has not alleged sufficient facts to support a claim that she was an employee of the IDOC and therefore cannot state a Title VII claim against the IDOC. For this reason, Count V against the IDOC is **dismissed**.[4]

**D. Claim Against All Defendants under Section 1981 Alleging Discrimination on the Basis of Race (Count VI)**

Count VI alleges that all Defendants discriminated against Ms. Williams on the basis of race, in violation of 42 U.S.C. § 1981. Ms. Williams voluntarily

---

[4] The IDOC also argues that sovereign immunity bars liability under the ADA. To the extent Count V was brought under the ADA, Ms. Williams voluntarily dismisses this claim.

7

dismisses her 1981 claim against the IDOC and Officer Puckett so Count VI is **dismissed**.

### E. Claim Against Officer Puckett under Section 1983 Alleging Constitutional Violations (Count VII)

Count VII alleges that Officer Puckett violated Ms. Williams' rights under the Equal Protection Clause of the Fourteenth Amendment, 42 U.S.C. § 1983, when he terminated her employment.[5] Officer Puckett argues that the Section 1983 claim should be dismissed because Ms. Williams fails to allege intentional discrimination as required to support her claim. Dkt. 34 at 8–9. Count VII of the amended complaint includes the following allegations:

> 66. Plaintiff incorporates by reference paragraphs one (1) through sixty-five (65) herein.
>
> 67. Defendant Officer Puckett, had actual knowledge of Plaintiff's:
> - Race;
> - Complaints of Sexual Harassment;
> - Refusal to corroborate another officer's account of a confrontation with an inmate; and
> - Disability.
>
> and terminated her employment by issuing a "Gatelock" Order, thereby violating her right to due process.
>
> 68. Defendant, Officer Puckett, was acting under color of state law, in his individual capacity, violated Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983 when he terminated her employment.

Dkt. 29 (¶¶ 66–68).

---

[5] Ms. Williams acknowledges that she does not have a property interest in her job and states that she is not asserting a Due Process claim under the Fourteenth Amendment. *See* dkt. 39 at 7.

The amended complaint alleges sufficient facts to state an Equal Protection claim based on race discrimination under Section 1983. "[T]he same standards for proving intentional discrimination apply to Title VII and § 1983 equal protection claims." *Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1036 (7th Cir. 2003) (alteration in original) (internal quotation marks omitted). A plaintiff alleging race discrimination only needs to allege that she was fired because of her race. *Freeman v. Metro. Water Reclamation Dist.*, 2019 WL 2481926 (7th Cir. June 14, 2019). Here, Ms. Williams need only allege that Officer Puckett's actions were because of her race.

Count VII incorporates by reference the factual allegations from elsewhere in the amended complaint setting forth Ms. Williams' experiences and Officer Puckett's actions. The amended complaint alleges that the IDOC and Officer Puckett failed to address her complaints of sexual harassment, suspended her, retaliated against her, and then entered a gate lock order against her because of her race. *See* dkt. 29 (¶¶ 22, 23, 30, 31, 37). The amended complaint further alleges that Officer Puckett addressed a similar complaint made by an African American employee and did not terminate the African American employee for filing the complaint. *Id.* (¶¶ 15, 20). By alleging that Officer Puckett took these actions and treated her differently because of her race, Ms. Williams has alleged intentional discrimination. These allegations adequately state an equal protection claim against Officer Puckett. Accordingly, Count VII, for race discrimination, **shall proceed** against Officer Puckett.

To the extent the Equal Protection claim is based on disability discrimination, the amended complaint does not allege enough facts to state a claim.[6] To state such a claim, Ms. Williams must allege (1) Officer Puckett intentionally treated her differently from others similarly situated, (2) Officer Puckett did so because of her membership in the class to which she belonged, and (3) the difference in treatment was not rationally related to a legitimate state interest. *Smith v. City of Chicago*, 457 F.3d 643, 650–51 (7th Cir. 2006)). The amended complaint alleges that Officer Puckett failed to address her harassment complaint, suspended her, and terminated her employment because of her disability. Dkt. 29 (¶¶ 45, 47). The amended complaint does not allege that Ms. Williams was intentionally treated differently than other non-disabled persons. Therefore, this allegation is insufficient to state a claim under the equal protection clause.

Additionally, to the extent that Ms. Williams' equal protection claim is based on retaliation for filing sexual harassment complaints and refusal to corroborate other reports, the Seventh Circuit has made clear that the "right to be free from retaliation may be vindicated under the First Amendment or Title VII, not the equal protection clause." *Boyd v. Ill. State Police*, 384 F.3d 888, 898 (7th Cir. 2004) (citing *Grossbaum v. Indianapolis-Marion Cty. Bldg. Auth.*, 100

---

[6] For purposes of evaluating this motion, the Court assumes, without deciding, that a claim of disability discrimination could form the basis for a Section 1983 action based on a violation of the Equal Protection Clause. *See Discovery House, Inc. v. Consol. City of Indianapolis*, 319 F.3d 277, 281 (7th Cir. 2003) (dictum) ("Our court ... has consistently declined to find that other similar statutes preclude § 1983 relief when the § 1983 claim is based directly on a constitutional violation, not a statutory one.").

F.3d 1287, 1296 n.8 (7th Cir. 1996)); *Gray v. Lacke*, 885 F.2d 399, 414 (7th Cir. 1989). This allegation is insufficient to state a claim under the equal protection clause.

## IV.
## Conclusion

The IDOC and Officer Puckett's motion to dismiss, dkt. [34], is **GRANTED in part and DENIED in part**.

Counts I, II, III, IV, V, and VI are **dismissed** as to Officer Puckett.

Counts I, II, III, IV, V, and VI are **dismissed** as to the IDOC.

The only remaining claim is Count VII, which **shall proceed** against Officer Puckett.

Any motions for leave to amend must be filed within 30 days of this Order.

**SO ORDERED**.

Date: 7/11/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Justin A Allen
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
justin.allen@ogletree.com

Paul J. Cummings
HENN HAWORTH CUMMINGS & PAGE
Paul.Cummings@HHCFirm.com

Benjamin C. Ellis
INDIANA ATTORNEY GENERAL
Benjamin.Ellis@atg.in.gov

David M. Henn
HENN HAWORTH CUMMINGS & PAGE
david.henn@HHCFirm.com

Elizabeth Marie Roberson
INDIANA ATTORNEY GENERAL
elizabeth.roberson@atg.in.gov

Rebecca L. Loeffler
INDIANA ATTORNEY GENERAL
rebecca.loeffler@atg.in.gov

Bonnie L. Martin
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
bonnie.martin@ogletree.com

Lauren N. Rodriguez
OFFICE OF THE ATTORNEY GENERAL
Lauren.Rodriguez@atg.in.gov